In the Matter of the Claim of CANNA MONTCLAIR, Respondent, v. MELBOURNE E. GRIFFITH, Doing Business as O'DELL COMPANY, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from a decision and award of the Workmen's Compensation Board on the ground that there is no substantial evidence that claimant has a permanent partial disability causally related to employment. It is undisputed that on June 13, 1958 while lifting a large box of fish in the course of her employment, claimant sustained a severe lower back strain.

Accident, notice and causal relationship were found for this injury and payments for reduced earnings made for the period from June 16, 1958 to January 19, 1962. During this period claimant underwent various treatments from heat therapy to a body cast without substantial recovery and her condition was finally diagnosed, at least in part, as a hysterical neurotic reaction. In January, 1962, the carrier ceased payments on the basis of a report by a Dr. Ayer that claimant was simply malingering. At the ensuing hearing the appellants contended simply that there was no permanent disability and that there were plenty of jobs which claimant could perform if she chose to look for one. A report of a board medical examiner made just prior to the hearing, however, indicated a mild permanent partial disability. Appellants never disputed or even attempted to argue causal relationship at the hearing nor was the issue raised before the board. Further appellants never requested to cross-examine the board medical examiner nor did they produce Dr. Ayer or any other physician to testify that claimant's present condition was not related to the accident. On this state of the record, there is no basis for disturbing the board's determination. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Herlihy, Reynolds and Taylor, JJ., concur.